IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 OCT 26  P 3: 40

| | |
|---|---|
| Ima Emming,<br>　　Plaintiff,<br><br>　　v.<br><br>Michael J. Astrue, Commissioner of Social Security,<br>　　Defendant. | Case No. 8:09-cv-2027-RMG-BHH<br><br>**ORDER** |

Plaintiff Ima Emming ("Plaintiff") filed this action on July 31, 2009, seeking judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. As detailed herein, after a *de novo* review of the Record, this Court adopts the Report and Recommendation of the Magistrate to reverse and remands this matter to the ALJ for further administrative proceedings consistent with this Order.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made,

and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir.1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir.1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

## DISCUSSION

The ALJ determined that Plaintiff was not entitled to the benefits sought. Plaintiff then appealed. On September 8, 2010, the Magistrate Judge issued a Report and Recommendation in which she recommended that the decision of the Commissioner be reversed and that the case be remanded to the Commissioner for further administrative action. (Dkt. No. 23). On September 16, 2010 the Commissioner filed objections opposing only the Magistrate's recommendation that the matter be remanded to the ALJ.. (Dkt. No. 26). Plaintiff filed no objection but instead filed a reply agreeing with the Report and Recommendation of the Magistrate. (Dkt. No. 27). As noted above, while this court must uphold a decision by the Commissioner that is supported by substantial evidence, this court reviews *de novo* any portion of the Report to which either party specifically objects.

In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. The regulations require the ALJ to consider, in sequence:

    1) whether the claimant is engaged in substantial gainful activity;
    2) whether the claimant has a "severe" impairment;
    3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 4, Subpart P, Appendix 1 ("the Listings"), and thus is presumptively disabled;
    4) whether the claimant can perform his past relevant work; and
    5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. *Id.*

At the administrative level, the ALJ concluded that Plaintiff was not entitled to benefits. After a careful *de novo* review and consideration of the Record and the arguments presented and Defendant's objection, this Court finds that there is not substantial evidence in the record to support the conclusion of the ALJ due to the ALJ's failure to consider that medical evidence established the presence of a disabling mental impairment listed in Section 12.05 of Appendix 1 to 20 C.F.R § 404, Subpart P. Accordingly, the denial of benefits is reversed and the matter is remanded to the ALJ for further proceedings as outlined herein.

### Listing 12.05 and its application to this matter

The Plaintiff contends that the ALJ erred in failing to find her disabled. Specifically, the Plaintiff alleges, and Defendant objects, that the ALJ erred in failing to find that her mental impairments satisfied the criteria of Listing 12.05. No other objection was raised by Defendant or Plaintiff following the Magistrate's R&R.

The main contention is that the ALJ failed to recognize that medical evidence established the presence of a disabling mental impairment listed in section 12.05 of Appendix 1 to 20 C.F.R. § 404, Subpart P. In fact, Plaintiff complains that the ALJ did not even consider application of this Listing which Defendant does not and cannot refute. Instead, Defendant claims the error was harmless. This Court cannot find the error was harmless and finds that the ALJ's oversight justifies remand.

Section or Listing 12.05 states in relevant part:

12.05 Mental Retardation and Autism: Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before age 22) . . . The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
. . .
B. A valid verbal, performance, or full scale IQ of 59 or less;

> C. A valid verbal, performance, or full scale I.Q. of 60 to 69 inclusive and a physical or other mental impairment imposing additional and significant work-related limitations of function:
>
> . . .

20 C.F.R. pt. 404, Subpart P, App. 1, § 12.05. Thus, under Section 12.05(B), if the plaintiff demonstrates an IQ score of less than 60 she is automatically considered disabled. Further, there are two requirements under Section 12.05(C), which are pertinent here. *See Boatwright v. Secretary, Dept. of Health and Human Services*, 1989 WL 79720, at *2 (4th Cir. July 12, 1989). First, a claimant's I.Q. score must come within the listed range of 60 to 69 inclusive, and second, she must be able to demonstrate an additional significant limitation. *See id.* at *2. If both requirements are met, then a plaintiff is considered disabled and entitled to benefits. *See id.* at *3; 20 C.F.R. § 416.920(d) (stating "[i]f you have an impairment(s) which meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.").

The Defendant argues that the Plaintiff also must satisfy the diagnostic description in the introductory paragraph of Listing 12.05 in addition to one of the four sets of criteria, defined in subsections A, B, C, or D. The Plaintiff agrees that she must satisfy the diagnostic description. As noted herein, Listing 12.05's introductory paragraph states mental retardation "refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior . . . ." 20 C.F.R. pt. 404, Subpart P, App. 1, § 12.05. The regulations provide that "if your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00 (2003). In light of this language, the view among various circuit courts of appeals confirms this requirement regarding the need to also satisfy the diagnostic description in the introduction of 12.05.

The Fifth Circuit's recent decision, which included a survey of relevant decisions, concluded that a claimant must, in fact, establish both the diagnostic portion of the introductory paragraph in addition to one of the severity indicators, delineated in subsections A - D. *See Randall v. Astrue*, 570 F.3d 651, 657-59 (5th Cir. June 8, 2009); *see also Markle v. Barnhart*, 324 F.3d 182, 187 (3d Cir.2003); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001); *Hodges v. Barnhart*, 276 F.3d 1265, 1268 (11th Cir. 2001). While the Fourth Circuit has not directly considered the issue, decisions from this District confirm the necessity for a claimant to satisfy the diagnostic portion in the introduction as well. *See Jenkins v. Astrue*, 2010 WL 3168268 (D.S.C. August 4, 2010.) (noting the requirement to meet the requirements of the Listing 12.05 the claimant must satisfy the diagnostic description in the introductory paragraph); *Smalls v. Commissioner of Social Security*, 2009 WL691931 (D.S.C. March 12, 2009) (same).

However, the ALJ makes no mention or analysis of Listing 12.05 in her Order. At Step Three of her Order, the ALJ considered the plaintiff's impairments in light of the expressly identified Listings 12.04 (depression) and 12.06 (anxiety) but made no mention of Listing 12.05 anywhere in her decision. (R. at pp. 13-15). As stated herein, the defendant does not dispute that Listing 12.05 was not considered. (Dkt. No. 26). Other courts have concluded that where the evidence in the administrative record "clearly generates an issue as to a particular listing," *Venters v. Astrue*, 2010 WL 481246, at *3 n.2 (D. Md. February 04, 2010), or "'fairly raises the question' of equivalence" to a Listing, an ALJ's failure to properly "identify the LOI [Listing of Impairment]," justifies remand, *Lilly v. Barnhart*, 2004 WL 875545, at *4 (E.D. Pa. March 22, 2004) (quoting *Maniaci v. Apfel*, 27 F.Supp.2d 554, 557 (E.D.Pa.1998)); *see also* SSR 96-6p, "Medical Equivalence." Here, the defendant concedes that operative scores, below 70, are present. (Dkt. No. 19 at p. 9). The

plaintiff exhibited a verbal IQ of 69, a performance 73, and full scale score of 68. (R. P. 295). There is evidence in the record that these scores are valid. Dr. Donald Salmon, an examining physician, diagnosed the plaintiff with extremely low intellectual functioning. (R. at p. 296). Dr. Salmon found the Listing in 12.05 to be applicable. (R. at p. 301).

The presence of such uncontested scores in the Record necessarily implicates and "fairly raises the question of" Listing 12.05's applicability. The above scores are indisputedbly within the range in Listing 12.05. The Plaintiff has offered various reasons why she does satisfy the remainder of the Listing. Moreover, the Defendant concedes both the presence of actionable scores and evidence of "an additional impairment imposing significant work-related limitations of functioning," namely her depression and anxiety. (Dkt. No. 19 at p. 9.)

As to deficits in adaptive behavior initially manifested during the developmental period, however, Defendant contends that Plaintiff has not met her burden to show the requirement can be satisfied. But Plaintiff testified that she can only read a little bit, having been in special education classes until eighth grade. (R. at p. 24). Psychological testing confirms that she only reads at the second grade level (R. at p. 296). There is evidence that even in special education classes, the Plaintiff was failing. (R. at p. 25). A claimant need not specifically show an actual IQ score of 70 or below during the developmental period. *See Branham v. Heckler*, 775 F.2d 1271, 1274 (4th Cir. 1985) (assuming, without evidence of a change in intellectual functioning, that the IQ was unchanged since the developmental period). The Defendant further contends that of her physicians viewed the Plaintiff as having mental retardation and other evidence that her impairment did not meet listing-level severity. (*See* R. at pp. 120-26, 131, 227-42, 259-76.)

The Court cannot stand in the place of the administrative process and resolve the competing evidence. Here, "[t]he ALJ should have identified the relevant listed impairments. She should then have compared each of the listed criteria to the evidence of [the claimant's] symptoms." *Cook v. Heckler*, 783 F.2d 1168 (4th Cir.1986). "Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." *Id.* at 1173. Thus, the evidence is not so devoid of effective evidence in the Plaintiff's favor such that to allow this Court to find that the ALJ's failure to analyze Listing 12.05 was merely a harmless error or oversight. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (affirming denial of benefits where the ALJ erred in evaluating claimant's pain because "he would have reached the same conclusion notwithstanding his initial error"). The ALJ should address this on remand.

## CONCLUSION

Based on the above, this matter is **reversed** pursuant to sentence four of 42 U.S.C. § 405(g) and **remanded** on the point above to the ALJ for further consideration as outlined herein.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 26, 2010
Charleston, South Carolina